## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JUDITH A. HARNACK, )<br><br>Plaintiff, )<br><br>v. )<br><br>CDH-DELNOR HEALTH SYSTEMS, an Illinois )<br>not-for-profit corporation, CENTRAL DUPAGE )<br>HEALTH, an Illinois not-for-profit corporation, )<br>CENTRAL DUPAGE HOSPITAL, an Illinois )<br>not-for-profit corporation, and COMMUNITY )<br>NURSING SERVICE OF DUPAGE COUNTY, )<br>An Illinois not-for-profit corporation d/b/a CNS )<br>HOME HEALTH & HOSPICE, an Illinois not- )<br>for- profit corporation, )<br><br>Defendant(s). ) | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES, Plaintiff, JUDITH A. HARNACK, by and through her counsel, CLARISSA Y. CUTLER, and BURTNETT LAW OFFICE, LLC and complaining of Defendants, hereby states as follows:

## PRELIMINARY STATEMENT

1.      This is an action seeking redress for violation of rights guaranteed to Plaintiff by the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and for retaliation in response to Plaintiff's complaints of discrimination, and for common law retaliatory discharge under Illinois law for Plaintiff's having filed a worker's compensation claim against Defendant. Plaintiff seeks

1

mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

**PARTIES**

2.    Plaintiff JUDITH A. HARNACK ("Ms. Harnack") is a citizen of the State of Illinois residing in Lee, Illinois.

3.    Defendants CENTRAL DUPAGE HOSPITAL, an Illinois not-for-profit corporation, COMMUNITY NURSING SERVICE OFDUPAGE COUNTY, an Illinois not-for-profit corporation d/b/a CNS HOME HEALTH & HOSPICE, and CENTRAL DUPAGE HEALTH, an Illinois not-for- profit corporation, (collectively "defendant") is an employer within the meaning of the Americans with Disabilities Act, and the location for which Ms. Harnack worked at the time of the events in question is Winfield, Illinois. At all times relevant to Ms. Harnack's claims, defendant has employed 15 or more employees.

**JURISDICTIONAL STATEMENT**

4.    This Court has jurisdiction under §107(a) of the Americans with Disabilities Act of 1990 [42 U.S.C. 12117(a)] (incorporating §706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended, [42 U.S.C. §2000e-5(f)(3)]), under §§1331 and 1343 of the Judicial Code [28 U.S.C. §§1331 and 1343], and has supplemental jurisdiction under §1367 of the Judicial Code [28 U.S.C. §1367].

5.    Ms. Harnack worked for the defendant in the Northern District of Illinois, and these causes of action arose in that district. Venue is proper by §107(a) of the Americans with Disabilities Act of 1990 [42 U.S.C. 12117(a)] (incorporating §706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended, [42 U.S.C. §2000e-5(f)(3)]), and by §1391(b) of the Judicial Code [28 U.S.C. §1391(b)].

2

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.     Ms. Harnack has met all of the administrative prerequisites to bringing this action in federal court in that she timely filed a charge against defendant asserting the acts of discrimination indicated in this Complaint with the Equal Employment Opportunity Commission ("EEOC"). A copy of the charge is attached to this Complaint as Exhibit A.

7.     The EEOC issued a *Notice of Right to Sue* via certified mail which was received by Ms. Harnack on August 5, 2011. A copy of the *Notice of Right to Sue* is attached to this Complaint as Exhibit B.

8.     Ms. Harnack's complaint is timely filed within 90 days of the receipt of the *Notice of Right to Sue*.

## COMMOM ALLEGATIONS

9.     Ms. Harnack was hired by defendant on July 14, 2008 as a behavioral health registered nurse.

10.     For the duration of her employment, Ms. Harnack received monthly bonuses based on her productivity, as well as excellent performance reviews.

11.     On May 7, 2010, Ms. Harnack was injured in the course of her employment and while carrying out the duties and responsibilities of her employment when she fell in defendant's parking lot, severely injuring her left knee, left ankle and back. She was unable to work and required medical attention for Chronic Regional Pain Syndrome ("CRPS").

12.     Ms. Harnack was immediately placed on a medical leave by her employer under the Family Medical Leave Act ("FMLA"). When the medical leave pursuant to the FMLA was exhausted, on or about early August, 2010, defendant required Ms. Harnack to use the remainder

of her available paid time off (PTO) and granted her a six-week personal leave of absence through approximately the end of October, 2010.

13.     In early July, 2010, Ms. Harnack filed a claim for benefits pursuant to the Illinois Worker's Compensation Act.

14.     In early October, 2010, Ms. Harnack requested an accommodation of light duty work, which was available. Ms. Harnack's request for an accommodation was denied.

15.     Ms. Harnack then said she would return to work in late October, 2010 and asked for an accommodation of one day off on November 3, 2010 to attend a previously scheduled medical procedure. Ms. Harnack's request for an accommodation was denied.

16.     Supervisor of Human Resources Diana Sanborn would not permit Ms. Harnack to be considered for a part-time position, stating that Ms. Harnack would not be able to pass the physical.

17.     Diana Sanborn did not permit Ms. Harnack to apply for an available and open nurse liaison position, which would have been considered a light duty position.

18.     Sometime shortly before October 29, 2010, Ms. Harnack requested an accommodation of an additional 3-4 weeks off, and provided a note from her treating physician. The note stated that Ms. Harnack would be able to return to work 2-3 weeks after her scheduled November 3, 2011 procedure.

19.     Diana Sanborn again denied Ms. Harnack's request. Ms. Sanborn again stated that Ms. Harnack would not pass the physical but Ms. Harnack was never given the opportunity to even take a physical.

20.    Ms. Harnack complained to her superiors Diana Sanborn and Emma Henry that she was being discriminated against due to her disability and that she had not been offered a reasonable accommodation.

21.    Ms. Harnack was terminated on November 4, 2010, with an effective termination date of November 1, 2010.

22.    Shortly after she was terminated, Ms. Harnack was told that she could reapply for her position in 60 days.  When Ms. Harnack discussed reapplying with Diana Sanborn, Ms. Harnack was again told that she would not pass the physical and that the position was not available.

23.    On information and belief and according to other employees of defendant, no one had been hired and the position was available.

## COUNT I

### Americans with Disabilities Act - Discrimination

24.    Ms. Harnack realleges and incorporates by reference paragraphs 1-23 above as paragraph 24 of Count I.

25.    At all relevant times, defendant was an "employer" within the definition of §101(5) of the Americans with Disabilities Act of 1990 [42 U.S.C. §12111].

26.    At all relevant times, Ms. Harnack was an "employee" of defendant's within the definition of §101(4) of the Americans with Disabilities Act of 1990 [42 U.S.C. §1211(4)] and a "qualified individual with a disability" within the definition of §101(8) of the Americans with Disabilities Act of 1990, as amended [42 USC. §12111(8)].

27.    Defendant discriminated against Ms. Harnack by terminating her employment based upon her medical condition.

5

28.     Defendant failed to provide Ms. Harnack with a reasonable accommodation as requested.

29.     Upon information and belief, other employees with medical conditions were treated more favorably than Ms. Harnack.

30.     The effect of defendant's discriminatory employment practices has been to deny Ms. Harnack equal employment opportunities, income in the form of wages, and other benefits of employment because of her medical condition.

31.     Moreover, Ms. Harnack suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses due to her firing.

32.     Ms. Harnack suffered lost future earnings based upon her firing.

33.     Defendant engaged in these discriminatory practices with malice or with reckless indifference to her federally protected rights.

WHEREFORE, Ms. Harnack prays that this Honorable Court enter judgment in her favor and:

(a)     declare that the acts and practices complained of are violations of the Americans with Disabilities Act, as amended;

(b)     direct defendant to make Ms. Harnack whole for all earnings and benefits she would have received but for defendant's discriminatory treatment, including awarding Ms. Harnack back pay, prejudgment interest, damages for all employment benefits she lost, and any other recoverable compensatory damages;

(c)     award Ms. Harnack damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses due to her firing;

(d)     award Ms. Harnack lost future earnings;

(e)     direct defendant to pay punitive damages based upon its actions;

(f)     award reasonable attorney's fees and costs; and

(g)     order any other relief that the Court deems just and equitable.

## COUNT II

### Americans with Disabilities Act – Retaliation

34.     Ms. Harnack realleges and incorporates by reference paragraphs 1-33 above as paragraph 34 of Count II.

35.     Defendant, by the actions and/or omissions alleged, retaliated against Ms. Harnack in violation of the Americans with Disabilities Act.

36.     The effect of defendant's discriminatory employment practices has been to deny Ms. Harnack equal employment opportunities, income in the form of wages, and other benefits of employment because of her medical condition.

37.     Moreover, Ms. Harnack suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses due to her firing.

38.     Ms. Harnack suffered lost future earnings based upon her firing.

39.     Defendant engaged in these discriminatory practices with malice or with reckless indifference to her federally protected rights.

WHEREFORE, Ms. Harnack prays that this Honorable Court enter judgment in her favor and:

(a)     declare that the acts and practices complained of are violations of the Americans with Disabilities Act, as amended;

7

(b)     direct defendant to make Ms. Harnack whole for all earnings and benefits she would have received but for defendant's discriminatory treatment, including awarding Ms. Harnack back pay, prejudgment interest, damages for all employment benefits she lost, and any other recoverable compensatory damages;

(c)     award Ms. Harnack damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses due to her firing;

(d)     award Ms. Harnack lost future earnings;

(e)     direct defendant to pay punitive damages based upon its actions;

(f)     award reasonable attorney's fees and costs; and

(g)     order any other relief that the Court deems just and equitable.

## COUNT III

**Retaliatory Discharge (Workers' Compensation) under Illinois Law**

40.     Ms. Harnack realleges and incorporates by reference paragraphs 1-39 above as paragraph 40 of Count III.

41.     The State of Illinois has a public policy that employees be free from retaliation for filing for worker's compensation benefits or for having on-the-job injuries that are potential workers' compensation claims.

42.     Defendant, by the actions and/or omissions alleged, retaliated against Ms. Harnack in violation of this public policy.

43.     The effect of defendant's discriminatory employment practices has been to deny Ms. Harnack equal employment opportunities, income in the form of wages, and other benefits of employment because of her medical condition.

8

44. Moreover, Ms. Harnack suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses due to her firing.

45. In retaliating against Ms. Harnack, defendant acted willfully, maliciously, and in wanton disregard for Ms. Harnack's rights.

46. To punish defendant for this retaliation against Ms. Harnack and to deter future retaliations by this defendant and other employers, exemplary damages should be awarded.

WHEREFORE, Ms. Harnack prays that this Honorable Court enter judgment in her favor and:

(a)    declare that the acts and practices complained of are violations of the Americans with Disabilities Act, as amended;

(b)    direct defendant to make Ms. Harnack whole for all earnings and benefits she would have received but for defendant's discriminatory treatment, including awarding Ms. Harnack back pay, prejudgment interest, damages for all employment benefits she lost, and any other recoverable compensatory damages;

(c)    award Ms. Harnack damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses due to her firing;

(d)    award Ms. Harnack lost future earnings;

(e)    direct defendant to pay punitive damages based upon its actions;

(f)    award reasonable attorney's fees and costs; and

(g)    order any other relief that the Court deems just and equitable.

## JURY TRIAL DEMAND

47.     Plaintiff requests a jury trial on all issues of fact and law raised by the allegations

in this Complaint.

Respectfully Submitted,


By:     /s/ Clarissa Y. Cutler_____
        Clarissa Y. Cutler
        Attorney for Plaintiff

Clarissa Y. Cutler
Attorney at Law
155 North Michigan Avenue, Suite 375
Chicago IL 60601
(312) 729-5067
Attorney Code No. 6257909

Justin Burtnett
Burtnett Law Office LLC
155 North Michigan Avenue, Suite 375
Chicago IL 60601
(312) 574-0155
Attorney Code No. 6281100